**19SL-CC00416**

Electronically Filed - St Louis County - January 31, 2019 - 11:41 AM

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS**
**STATE OF MISSOURI**

| | |
|---|---|
| **THOMAS E. HOFFMANN**, individually )<br>)<br>And )<br>)<br>**HOFFMANN AIR CONDITIONING &** )<br>**HEATING, LLC**, a Missouri limited liability )<br>Company, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>**HOFFMANN BROTHERS HEATING AND** )<br>**AIR CONDITIONING, INC.**, a Missouri )<br>Corporation, )<br>)<br>SERVE: Robert J. Hoffmann, Reg. Agent )<br>      1025 Hanley Industrial )<br>      St. Louis, MO 63144 )<br>)<br>Defendant. ) | Cause No.:<br><br>Division No.: |

**PETITION**

Plaintiffs Thomas E. Hoffmann and Hoffmann Air Conditioning & Heating, LLC, for their

Petition against Defendant Hoffmann Brothers Heating and Air Conditioning, Inc., state:

1.      Plaintiff Thomas E. Hoffmann (hereinafter "Tom") is an individual residing in the

County of St. Louis, Missouri.

2.      Plaintiff Hoffmann Air Conditioning & Heating, LLC (hereinafter the "Company")

is a Missouri limited liability company with its principal place of business in St. Louis County,

Missouri.

1

Exhibit A

Electronically Filed - St Louis County - January 31, 2019 - 11:41 AM

3.      Defendant Hoffmann Brothers Heating and Air Conditioning, Inc. (hereinafter "Hoffmann Brothers") is a Missouri corporation with its principal place of business in St. Louis County, Missouri.

4.      The events that give rise to this case took place in St. Louis County.

5.      This Court has subject-matter jurisdiction under both Mo. Const. art. V., § 14, and Mo. Rev. Stat. § 478.070, which grant the circuit courts original subject-matter jurisdiction over all civil cases.

6.      This court has specific and general personal jurisdiction over Defendant in this matter because Defendant Hoffmann Brothers is registered to do business in the State of Missouri, maintains an office in St. Louis County, Missouri and committed the wrongful actions in this matter in Missouri.

**Prior Litigation Regarding Hoffmann Brothers**

7.      Prior to July 14, 2011 Tom and Robert J. Hoffmann (hereinafter "Robert") owned and operated Hoffmann Brothers for over 15 years.

8.      On October 6, 2010, Robert filed suit against Tom in an attempt to force Tom out of ownership of Hoffmann Brothers (the "First Lawsuit").

9.      The First Lawsuit was resolved with the parties entering a Settlement Agreement dated July 14, 2011 (the "Agreement").

**The Settlement Agreement**

10.      The Agreement required Tom to transfer his stock in Hoffmann Brothers to Robert and Mary S. Hoffmann (hereinafter "Mary") in exchange for certain payments and other agreements.

Electronically Filed - St Louis County - January 31, 2019 - 11:41 AM

11.     Tom was prohibited under the Agreement for a period of four (4) years from July 14, 2011 from using the "Hoffmann name within the business name of an HVAC business (nothing herein shall prohibit Tom from working for another company and have his personal name listed, displayed or otherwise used by said company)," (hereinafter referred to as the "Trade Name Protection Clause").

12.     The Agreement contained a Non-Disparagement clause which states:

*The Parties agree, for themselves, their agents, and their representatives, that no Party will make any disparaging statement or comment to any person or entity, by any medium, about any other Party.   For purposes of this Agreement, "disparaging statements" shall include any communication, whether verbal or non-verbal, expressed or implied, which may actually or potentially cause harm to the reputation or business interests of any Party, whether true or not.*

13.     The Agreement provides that in any action for breach of its terms, the prevailing party shall be entitled to recover its reasonable attorney's fees, costs and expenses.

### Tom's Use of Hoffmann in Company Name

14.     On October 2, 2014, Tom filed articles of organization for a limited liability company named Hoffmann Air Conditioning & Heating, LLC.  The Company did not transact any business, advertise services or otherwise utilize the Hoffmann name until the summer of 2017.

15.     In the summer of 2017, the Company began conducting business.

16.     On January 25, 2019, Defendant Hoffmann Brothers' attorney sent a letter to Tom demanding that Tom and the Company "cease and desist" from using the Hoffmann name as part of the Trade Name of the Company.

17.     The prohibition on the use of the name "Hoffmann" as contained in the Agreement expired on July 14, 2015.

Electronically Filed - St Louis County - January 31, 2019 - 11:41 AM

18.     The Company's use of the name "Hoffmann" is not prohibited by federal or state law.

19.     The use of the name "Hoffmann" does not cause a likelihood of confusion with the alleged ownership by Defendant of the "Hoffmann Brothers" mark.  The name "Hoffmann" as used by the Company is different and distinct from "Hoffman Brothers."  The fonts, colors and full names of the companies are different, separate and distinct.

20.     Tom and the Company are legally authorized to use Tom's surname "Hoffmann" in the name of its business.  Defendant has not registered the service mark "Hoffmann" but rather registered the trademark "Hoffmann Brothers" on December 31, 2018.  Defendant has not appropriated the mark "Hoffmann" and could not legally do so.

**<u>Wrongful Acts of Hoffmann Brothers</u>**

21.     Hoffmann Brothers has engaged in an organized scheme and campaign to lower the Company's organic search ranking, lower its online rating and harm Tom's and the Company's reputations.

22.     The scheme included causing employees of Hoffmann Brothers, their associates and friends to file false, defamatory and misleading statements about Tom and the Company.

23.     The scheme also included causing employees and friends to click on the Company's URL for the sole purpose of driving up the number of clicks, and thereby increasing the cost of advertising to the Company.

24.     Google provides a platform by which customers can rate and review businesses by providing a rating on a scale of one star up to five stars.  The platform further allows

Electronically Filed - St. Louis County - January 31, 2019 - 11:41 AM

customers to "Share details of your own experience at this place."  The site clearly informs

would be ratings providers that "Your review will be posted publicly on the web."

25.     Despite never having used Tom or the Company for any service, numerous

Hoffman Brothers employees, friends and associates posted disparaging, defamatory and

misleading ratings and reviews on Google as set forth in detail below (the "False Reviews"):

a.     Angela Caputa, Director of Marketing at Defendant Hoffmann Brothers, provided

the Company a one out of five star rating on Google My Business and stated on

the site "Poses as hoffmann brothers.  He is not a part of the company anymore.

Very shady."

b.     Katie Amsbury, Controller at Defendant Hoffmann Brothers, gave the Company a

one out of five star rating on Google My Business and stated on the site "this

company is not Hoffmann Brothers Heating & Air Conditioning.  They are trying

to manipulate google ads to trick customers that are looking for Hoffmann

Brothers."

c.     Joe Hoffmann, Sales and New Business Development at Defendant Hoffmann

Brothers, posted on Google reviews about the Company stating "This company

continues to misrepresent themselves to customers…"

d.     Chris Hoffmann, Vice President at Defendant Hoffmann Brothers, gave the

Company a one out of five star rating on Google.

e.     Teresa Hoffmann, wife of Defendant Hoffmann Brother's Vice President Chris

Hoffmann, gave the Company a two out of five star rating on Google.

Electronically Filed - St Louis County - January 31, 2019 - 11:41 AM

f.    Matt Moore, believed to be a friend of Defendant Hoffmann Brothers

employees, and at the direction of said employees, gave the Company a one out

of five star rating on Google and stated on the site "Buyer Beware: this is not

Hoffmann Brothers, don't be tricked! Do not use them."

g.    Grant Pope, a friend of Chris Hoffmann and at the direction of Hoffmann, gave

the Company a one out of five star rating on Google and stated on the site "This

is a misrepresentative [sic].  This is not the real Hoffman Bros.  Don't be tricked

by this scam."  Pope has never used the services of Tom or the Company.

h.    Justin Cole, a friend of Chris Hoffmann and at the direction of Hoffmann, gave

the Company a one out of five star rating on Google and stated on the site "Do

not be fooled, this is not the real Hoffmann Brothers.  It is a shame how

companies have to manipulate their customers and act like another company to

get business."  Cole has never used the services of Tom or the Company.

i.    Jake Pelikan, a friend of Chris Hoffmann and at the direction of Hoffmann, gave

the Company a one out of five star rating on Google and stated on the site "This

is NOT the real Hoffmann Brothers.  This guy was expelled from the company is

trying to confuse customers. Absolute SCAM."  Pelikan has never used the

services of Tom or the Company.

j.    Riley O'Neill, a friend of Chris Hoffmann and at the direction of Hoffmann, gave

the Company a one out of five star rating on Google and stated on the site

"SCAM.  This company is misrepresenting themselves as Hoffmann Brothers

6

Electronically Filed - St Louis County - January 31, 2019 - 11:41 AM

Heating & Air Conditioning Inc.  Don't fall for it!"  O'Neill has never used the services of Tom or the Company.

26.     The False Posts were disparaging, defamatory, slanderous and caused economic harm to and damaged the good name and reputation of Tom and the Company.

<u>**Chris and Joe Hoffmann's Defamatory Letter**</u>

27.     On December 19, 2018, Chris and Joe Hoffmann wrote a letter (the "Family Letter") to 20 members of Tom's family (the "Hoffmann Family").

28.     Most of the individuals in the Hoffmann Family are customers of Tom and the Company.

29.     The Family Letter contained numerous misstatements, misrepresentations, defamatory statements and disparaging statements against Tom and the Company.

30.     The Family Letter wrongfully and defamatorily accused Tom and the Company of duping, overcharging, intentionally misleading and deceiving customers and manipulating customers' trust in Hoffmann Brothers in order to charge for excessive repairs.

31.     The Family Letter wrongfully and defamatorily called Tom an "unethical, dishonest, greed-obsessed individual…"

32.     The Family Letter wrongfully and defamatorily accused Tom of wreaking "havoc on our family relationships, and who routinely sacrifices integrity for personal financial gain."

33.     Chris and Joe Hoffmann are officers and owners of Hoffmann Brothers.

34.     The Family Letter was sent individually by Chris and Joe Hoffmann and as the "majority owners" and officers of Defendant Hoffmann Brothers.

Electronically Filed - St Louis County - January 31, 2019 - 11:41 AM

**COUNT I**

**Breach of Contract – Hoffmann Brothers**

35.     Plaintiffs re-allege and incorporate by reference, as if fully set forth herein, paragraphs 1 through 34 of this Petition.

36.     Tom and Defendant Hoffmann Brothers entered the Agreement, which constituted a valid, binding contract pursuant to Missouri law.

37.     Tom has fulfilled his obligations under the Agreement.

38.     Defendant Hoffmann Brothers has failed to perform its obligations under the Agreement and has breached the Agreement by:

    a.      disparaging Tom and the Company with the False Reviews;

    b.      disparaging Tom and the Company with the Family Letter.

39.     As a direct and proximate cause of the breaches by Hoffmann Brothers, Tom and the Company have suffered economic damages, loss of business, reputational damages, loss of profit, loss of potential economic gain and other damages.

40.     As a direct and proximate cause of the breaches by Hoffmann Brothers, Tom and the Company have incurred attorney's fees, costs and expenses.

WHEREFORE, Plaintiffs pray judgment against Defendant Hoffmann Brothers for an amount in excess of $25,000, for pre-judgment interest, for post-judgment interest, for attorney's fees, and for such other and further relief as this Court may deem proper.

Electronically Filed - St Louis County - January 31, 2019 - 11:41 AM

## COUNT II

### Libel – Hoffmann Brothers

41.     Plaintiffs re-allege and incorporate by reference, as if fully set forth herein, paragraphs 1 through 40 of this Petition.

42.     Defendant Hoffmann Brothers published the False Reviews on Google.

43.     Defendant Hoffmann Brothers knew the False Reviews were false or Hoffmann Brothers published the False Reviews with reckless disregard for whether the False Reviews were true or false at a time when Hoffman Brothers had serious doubt as to whether they were true.

44.     The False Reviews tended to deprive Tom and the Company of the benefit of public confidence, customer loyalty, positive customer reviews and rightful internet search ranking or rating.

45.     The False Reviews were read by the public in general and more specifically actual and potential customers of Tom and the Company and caused the Company's Google rating to decrease from 5 to 3.1.

46.     Tom's and the Company's reputations were damaged by the posting of the False Reviews, and the Company lost profits as a result.

47.     The False Reviews were outrageous because of Defendant Hoffmann Brothers' evil motive or reckless indifference to the rights of Tom and the Company, entitling Plaintiffs to punitive damages.

WHEREFORE, Plaintiffs respectfully request this Court to enter judgment in their favor and against Defendant Hoffmann Brothers (i) in an amount in excess of $25,000, plus costs and

Electronically Filed - St Louis County - January 31, 2019 - 11:41 AM

expenses, including attorneys' fees and expenses, (ii) for punitive damages and (iii) for such further relief as this Court deems just and proper.

## COUNT III

### Fraud – Hoffmann Brothers

48.    Plaintiffs re-allege and incorporate by reference, as if fully set forth herein, paragraphs 1 through 47 of this Petition.

49.    Defendant Hoffmann Brothers made the following false statements:

     a.    Caputa was a customer of the Company;

     b.    Amsbury was a customer of the Company;

     c.    Chris Hoffmann was a customer of the Company; and

     d.    Feigning false interest in utilizing the services of the Company by clicking on the Company's URL on Google ("Fraudulent Clicks").

50.    Defendant Hoffmann Brothers directed its employees and associates to make a false statement that they were interested in utilizing the services of Company by clicking on the Company's URL on Google.

51.    Defendant Hoffmann Brothers knew the statements were false.

52.    Defendant Hoffmann Brothers knew the Fraudulent Clicks and/or inflating the Google Adword campaign would cause the Company to incur additional click fees with Google.

53.    Defendant Hoffmann Brothers intended for the false statements to be relied upon by customers and consumers to not engage the Company for services.

Electronically Filed - St Louis County - January 31, 2019 - 11:41 AM

54.     Defendant Hoffmann Brothers intended for the Fraudulent Clicks and/or inflating the Googe Adword campaign to be relied upon by the Company in continuing to advertise with Google.

55.     The Company did rely on the Fraudulent Clicks being actual leads and continued to advertise with Google.

56.     The Company had the right to rely on the representations made by Hoffmann Brothers.

57.     As a result of the reliance on the representations, the Company was damaged.

58.     The false statements were outrageous because of Defendant Hoffmann Brothers' evil motive or reckless indifference to the rights of Tom and the Company, entitling Plaintiffs to punitive damages.

WHEREFORE, Plaintiffs respectfully requests this Court to enter judgment in their favor and against Defendant Hoffmann Brothers (i) in an amount in excess of $25,000, plus costs and expenses, including attorneys' fees and expenses, (ii) for punitive damages and (iii) for such further relief as this Court deems just and proper.

## COUNT IV

### Tortious Interference (Google Contract) – Hoffmann Brothers

59.     Plaintiffs re-allege and incorporate by reference, as if fully set forth herein, paragraphs 1 through 58 of this Petition.

60.     Defendant Hoffmann Brothers knew the Company had a contractual or business relationship with Google to advertise its services on Google.

11

Electronically Filed - St Louis County - January 31, 2019 - 11:41 AM

61.     Defendant Hoffmann Brothers intentionally and maliciously interfered with the Company's relationship with Google by issuing the Fraudulent Clicks and False Reviews.

62.     Defendant Hoffmann Brothers intentionally and maliciously interfered with the Company's relationship with Google by causing friends and associates to issue the Fraudulent Clicks and False Reviews.

63.     The Fraudulent Clicks and False Reviews were issued without justification.

64.     The Company was damaged as a result of Defendant Hoffmann Brothers' interference with the Company's relationship.

65.     As a result of the reliance on the representations, the Company was damaged.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in its favor and against Defendant Hoffmann Brothers (i) in an amount in excess of $25,000, plus costs and expenses, including attorneys' fees and expenses, (ii) for punitive damages and (iii) for such further relief as this Court deems just and proper.

## COUNT V

### Tortious Interference (Customers) – Hoffmann Brothers

66.     Plaintiffs re-allege and incorporate by reference, as if fully set forth herein, paragraphs 1 through 65 of this Petition.

67.     Defendant Hoffmann Brothers knew the Company had a business relationship and/or valid expectancy of a business relationship with customers to provide services.

68.     Defendant Hoffmann Brothers knew customers and potential customers would read the False Reviews.

Electronically Filed - St Louis County - January 31, 2019 - 11:41 AM

69.     Defendant Hoffmann Brothers intentionally and maliciously interfered with the Company's relationship with existing customers and potential customers by issuing the False Reviews.

70.     Defendant Hoffmann Brothers intentionally and maliciously interfered with the Company's relationship with customers and potential customers by causing friends and associates to issue the False Reviews.

71.     The False Reviews were issued without justification.

72.     The Company was damaged as a result of Defendant Hoffmann Brothers' interference with the Company's relationship with existing customers and its expectancy of relationships with potential customers.

73.     As a result of the reliance on the representations, the Company was damaged.

74.     The false statements were outrageous because of Defendant Hoffmann Brothers' evil motive or reckless indifference to the rights of Tom and the Company, entitling Plaintiffs to punitive damages.

WHEREFORE, Plaintiffs respectfully request this Court to enter judgment in their favor and against Defendant Hoffmann Brothers (i) in an amount in excess of $25,000, plus costs and expenses, including attorneys' fees and expenses, (ii) for punitive damages and (iii) for such further relief as this Court deems just and proper.

## COUNT VI

### Declaratory Judgment

75.     Plaintiffs re-allege and incorporate by reference, as if fully set forth herein, paragraphs 1 through 74 of this Petition.

13

Electronically Filed - St. Louis County - January 31, 2019 - 11:41 AM

76.     The Company has been utilizing "Hoffmann", the surname of Tom, in the name of its business for over a year and a half.

77.     The Trade Name Protection Clause restricting Tom's use of the name "Hoffmann" expired on July 14, 2015.

78.     The use by Tom and the Company of "Hoffmann" in the company name has been challenged by Defendant Hoffmann Brothers pursuant to the "cease and desist" letter dated January 25, 2019.

79.     Tom and the Company believe they have the right to use Tom's surname of "Hoffmann" in the name of the Company and in the use of its business.

80.     A controversy exists between the parties regarding the right of Tom and the Company to use "Hoffmann" in the name of the company, in advertising materials, websites, Google ads, search parameters, proposals and other aspects of the business.

81.     By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights and obligations that exist among the parties related to the name Hoffman and the use thereof.

WHEREFORE, Plaintiffs respectfully requests that the Court enter judgment (i) declaring that Plaintiff were and are authorized to use "Hoffmann" in the name of the company, in advertising materials, websites, google ads, search parameters, proposals and other aspects of the business; (ii) declaring that Plaintiffs have not infringed on a protectable interest of Defendant in using the name "Hoffmann"; (iii) Awarding Plaintiff the costs and reasonable attorneys' fees incurred herein pursuant to the terms of the Agreement; (iv) Awarding such other and further relief as the Court deems just and proper under the circumstances.

14

Electronically Filed - St Louis County - January 31, 2019 - 11:41 AM

JACOBSON PRESS P.C.

By:  /s/ Bruce R. Bartlett
Bruce R. Bartlett, #42680
Allen P. Press, #39293
Matthew B. Vianello, #63303
168 N. Meramec Avenue, Suite 150
Clayton, Missouri 63105
Phone: 314-899-9789
Fax: 314-899-0282
Bartlett@ArchCityLawyers.com
Press@ArchCityLawyers.com
Vianello@ArchCityLawyers.com

*Attorneys for Plaintiffs*

Electronically Filed - St Louis County - February 04, 2019 - 01:38 PM

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS**
**STATE OF MISSOURI**

| | |
|---|---|
| **THOMAS E. HOFFMANN**, individually ) | |
| ) | |
| And ) | |
| ) | |
| **HOFFMANN AIR CONDITIONING &** ) | |
| **HEATING, LLC**, a Missouri limited liability ) | |
| Company, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Cause No.:    19SL-CC00416 |
| ) | |
| **HOFFMANN BROTHERS HEATING AND** ) | Division No.:   9 |
| **AIR CONDITIONING, INC.**, a Missouri ) | |
| Corporation, ) | |
| ) | |
| SERVE: Robert J. Hoffmann, Reg. Agent ) | |
|         1025 Hanley Industrial ) | |
|         St. Louis, MO 63144 ) | |
| ) | |
| Defendant. ) | |

<u>**AMENDED PETITION**</u>

Plaintiffs Thomas E. Hoffmann and Hoffmann Air Conditioning & Heating, LLC, for their

Amended Petition against Defendant Hoffmann Brothers Heating and Air Conditioning, Inc.,

state:

1.     Plaintiff Thomas E. Hoffmann (hereinafter "Tom") is an individual residing in the

County of St. Louis, Missouri.

2.     Plaintiff Hoffmann Air Conditioning & Heating, LLC (hereinafter the "Company")

is a Missouri limited liability company with its principal place of business in St. Louis County,

Missouri.

1

Electronically Filed - St Louis County - February 04, 2019 - 01:38 PM

3.      Defendant Hoffmann Brothers Heating and Air Conditioning, Inc. (hereinafter "Hoffmann Brothers") is a Missouri corporation with its principal place of business in St. Louis County, Missouri.

4.      The events that give rise to this case took place in St. Louis County.

5.      This Court has subject-matter jurisdiction under both Mo. Const. art. V., § 14, and Mo. Rev. Stat. § 478.070, which grant the circuit courts original subject-matter jurisdiction over all civil cases.

6.      This court has specific and general personal jurisdiction over Defendant in this matter because Defendant Hoffmann Brothers is registered to do business in the State of Missouri, maintains an office in St. Louis County, Missouri and committed the wrongful actions in this matter in Missouri.

**Prior Litigation Regarding Hoffmann Brothers**

7.      Prior to July 14, 2011 Tom and Robert J. Hoffmann (hereinafter "Robert") owned and operated Hoffmann Brothers for over 15 years.

8.      On October 6, 2010, Robert filed suit against Tom in an attempt to force Tom out of ownership of Hoffmann Brothers (the "First Lawsuit").

9.      The First Lawsuit was resolved with the parties entering a Settlement Agreement dated July 14, 2011 (the "Agreement").

**The Settlement Agreement**

10.      The Agreement required Tom to transfer his stock in Hoffmann Brothers to Robert and Mary S. Hoffmann (hereinafter "Mary") in exchange for certain payments and other agreements.

Electronically Filed - St Louis County - February 04, 2019 - 01:38 PM

11.     Tom was prohibited under the Agreement for a period of four (4) years from July 14, 2011 from using the "Hoffmann name within the business name of an HVAC business (nothing herein shall prohibit Tom from working for another company and have his personal name listed, displayed or otherwise used by said company)," (hereinafter referred to as the "Trade Name Protection Clause").

12.     The Agreement contained a Non-Disparagement clause which states:

*The Parties agree, for themselves, their agents, and their representatives, that no Party will make any disparaging statement or comment to any person or entity, by any medium, about any other Party.   For purposes of this Agreement, "disparaging statements" shall include any communication, whether verbal or non-verbal, expressed or implied, which may actually or potentially cause harm to the reputation or business interests of any Party, whether true or not.*

13.     The Agreement provides that in any action for breach of its terms, the prevailing party shall be entitled to recover its reasonable attorney's fees, costs and expenses.

### Tom's Use of Hoffmann in Company Name

14.     On October 2, 2014, Tom filed articles of organization for a limited liability company named Hoffmann Air Conditioning & Heating, LLC.  The Company did not transact any business, advertise services or otherwise utilize the Hoffmann name until the summer of 2017.

15.     In the summer of 2017, the Company began conducting business.

16.     On January 25, 2019, Defendant Hoffmann Brothers' attorney sent a letter to Tom demanding that Tom and the Company "cease and desist" from using the Hoffmann name as part of the Trade Name of the Company.

17.     The prohibition on the use of the name "Hoffmann" as contained in the Agreement expired on July 14, 2015.

Electronically Filed - St Louis County - February 04, 2019 - 01:38 PM

18.     The Company's use of the name "Hoffmann" is not prohibited by federal or state law.

19.     The use of the name "Hoffmann" does not cause a likelihood of confusion with the alleged ownership by Defendant of the "Hoffmann Brothers" mark.  The name "Hoffmann" as used by the Company is different and distinct from "Hoffman Brothers."  The fonts, colors and full names of the companies are different, separate and distinct.

20.     Tom and the Company are legally authorized to use Tom's surname "Hoffmann" in the name of its business.  Defendant has not registered the service mark "Hoffmann" but rather registered the trademark "Hoffmann Brothers" on December 31, 2018.  Defendant has not appropriated the mark "Hoffmann" and could not legally do so.

**Wrongful Acts of Hoffmann Brothers**

21.     Hoffmann Brothers has engaged in an organized scheme and campaign to lower the Company's organic search ranking, lower its online rating and harm Tom's and the Company's reputations.

22.     The scheme included causing employees of Hoffmann Brothers, their associates and friends to file false, defamatory and misleading statements about Tom and the Company.

23.     The scheme also included causing employees and friends to click on the Company's URL for the sole purpose of driving up the number of clicks, and thereby increasing the cost of advertising to the Company.

24.     Google provides a platform by which customers can rate and review businesses by providing a rating on a scale of one star up to five stars.  The platform further allows

4

Electronically Filed - St. Louis County - February 04, 2019 - 01:38 PM

customers to "Share details of your own experience at this place."  The site clearly informs

would be ratings providers that "Your review will be posted publicly on the web."

     25.     Despite never having used Tom or the Company for any service, numerous

Hoffman Brothers employees, friends and associates posted disparaging, defamatory and

misleading ratings and reviews on Google as set forth in detail below (the "False Reviews"):

     a.     Angela Caputa, Director of Marketing at Defendant Hoffmann Brothers, provided the Company a one out of five star rating on Google My Business and stated on the site "Poses as hoffmann brothers.  He is not a part of the company anymore. Very shady."

     b.     Katie Amsbury, Controller at Defendant Hoffmann Brothers, gave the Company a one out of five star rating on Google My Business and stated on the site "this company is not Hoffmann Brothers Heating & Air Conditioning.  They are trying to manipulate google ads to trick customers that are looking for Hoffmann Brothers."

     c.     Joe Hoffmann, Sales and New Business Development at Defendant Hoffmann Brothers, posted on Google reviews about the Company stating "This company continues to misrepresent themselves to customers…"

     d.     Chris Hoffmann, Vice President at Defendant Hoffmann Brothers, gave the Company a one out of five star rating on Google.

     e.     Teresa Hoffmann, wife of Defendant Hoffmann Brother's Vice President Chris Hoffmann, gave the Company a two out of five star rating on Google.

Electronically Filed - St. Louis County - February 04, 2019 - 01:38 PM

f.   Matt Moore, believed to be a friend of Defendant Hoffmann Brothers employees, and at the direction of said employees, gave the Company a one out of five star rating on Google and stated on the site "Buyer Beware: this is not Hoffmann Brothers, don't be tricked! Do not use them."

g.   Grant Pope, a friend of Chris Hoffmann and at the direction of Hoffmann, gave the Company a one out of five star rating on Google and stated on the site "This is a misrepresentative [sic].  This is not the real Hoffman Bros.  Don't be tricked by this scam."  Pope has never used the services of Tom or the Company.

h.   Justin Cole, a friend of Chris Hoffmann and at the direction of Hoffmann, gave the Company a one out of five star rating on Google and stated on the site "Do not be fooled, this is not the real Hoffmann Brothers.  It is a shame how companies have to manipulate their customers and act like another company to get business."  Cole has never used the services of Tom or the Company.

i.   Jake Pelikan, a friend of Chris Hoffmann and at the direction of Hoffmann, gave the Company a one out of five star rating on Google and stated on the site "This is NOT the real Hoffmann Brothers.  This guy was expelled from the company is trying to confuse customers. Absolute SCAM."  Pelikan has never used the services of Tom or the Company.

j.   Riley O'Neill, a friend of Chris Hoffmann and at the direction of Hoffmann, gave the Company a one out of five star rating on Google and stated on the site "SCAM.  This company is misrepresenting themselves as Hoffmann Brothers

Electronically Filed - St Louis County - February 04, 2019 - 01:38 PM

Heating & Air Conditioning Inc.  Don't fall for it!"  O'Neill has never used the

services of Tom or the Company.

26.      The False Posts were disparaging, defamatory, slanderous and caused economic

harm to and damaged the good name and reputation of Tom and the Company.

### Chris and Joe Hoffmann's Defamatory Letter

27.      On December 19, 2018, Chris and Joe Hoffmann wrote a letter (the "Family

Letter") to 20 members of Tom's family (the "Hoffmann Family").

28.      Most of the individuals in the Hoffmann Family are customers of Tom and the

Company.

29.      The Family Letter contained numerous misstatements, misrepresentations,

defamatory statements and disparaging statements against Tom and the Company.

30.      The Family Letter wrongfully and defamatorily accused Tom and the Company of

duping, overcharging, intentionally misleading and deceiving customers and manipulating

customers' trust in Hoffmann Brothers in order to charge for excessive repairs.

31.      The Family Letter wrongfully and defamatorily called Tom an "unethical,

dishonest, greed-obsessed individual..."

32.      The Family Letter wrongfully and defamatorily accused Tom of wreaking "havoc

on our family relationships, and who routinely sacrifices integrity for personal financial gain."

33.      Chris and Joe Hoffmann are officers and owners of Hoffmann Brothers.

34.      The Family Letter was sent individually by Chris and Joe Hoffmann and as the

"majority owners" and officers of Defendant Hoffmann Brothers.

7

Electronically Filed - St Louis County - February 04, 2019 - 01:38 PM

**COUNT I**

**Breach of Contract – Hoffmann Brothers**

35.     Plaintiffs re-allege and incorporate by reference, as if fully set forth herein, paragraphs 1 through 34 of this Petition.

36.     Tom and Defendant Hoffmann Brothers entered the Agreement, which constituted a valid, binding contract pursuant to Missouri law.

37.     Tom has fulfilled his obligations under the Agreement.

38.     Defendant Hoffmann Brothers has failed to perform its obligations under the Agreement and has breached the Agreement by:

       a.     disparaging Tom and the Company with the False Reviews;

       b.      disparaging Tom and the Company with the Family Letter.

39.     As a direct and proximate cause of the breaches by Hoffmann Brothers, Tom and the Company have suffered economic damages, loss of business, reputational damages, loss of profit, loss of potential economic gain and other damages.

40.     As a direct and proximate cause of the breaches by Hoffmann Brothers, Tom and the Company have incurred attorney's fees, costs and expenses.

WHEREFORE, Plaintiffs pray judgment against Defendant Hoffmann Brothers for an amount in excess of $25,000, for pre-judgment interest, for post-judgment interest, for attorney's fees, and for such other and further relief as this Court may deem proper.

Electronically Filed - St Louis County - February 04, 2019 - 01:38 PM

**COUNT II**

**Libel – Hoffmann Brothers**

41.     Plaintiffs re-allege and incorporate by reference, as if fully set forth herein, paragraphs 1 through 40 of this Petition.

42.     Defendant Hoffmann Brothers published the False Reviews on Google.

43.     Defendant Hoffmann Brothers knew the False Reviews were false or Hoffmann Brothers published the False Reviews with reckless disregard for whether the False Reviews were true or false at a time when Hoffman Brothers had serious doubt as to whether they were true.

44.     The False Reviews tended to deprive Tom and the Company of the benefit of public confidence, customer loyalty, positive customer reviews and rightful internet search ranking or rating.

45.     The False Reviews were read by the public in general and more specifically actual and potential customers of Tom and the Company and caused the Company's Google rating to decrease from 5 to 3.1.

46.     Tom's and the Company's reputations were damaged by the posting of the False Reviews, and the Company lost profits as a result.

47.     The False Reviews were outrageous because of Defendant Hoffmann Brothers' evil motive or reckless indifference to the rights of Tom and the Company, entitling Plaintiffs to punitive damages.

WHEREFORE, Plaintiffs respectfully request this Court to enter judgment in their favor and against Defendant Hoffmann Brothers (i) in an amount in excess of $25,000, plus costs and

Electronically Filed - St Louis County - February 04, 2019 - 01:38 PM

expenses, including attorneys' fees and expenses, (ii) for punitive damages and (iii) for such further relief as this Court deems just and proper.

**COUNT III**

**Fraud – Hoffmann Brothers**

48.     Plaintiffs re-allege and incorporate by reference, as if fully set forth herein, paragraphs 1 through 47 of this Petition.

49.     Defendant Hoffmann Brothers made the following false statements:

      a.     Caputa was a customer of the Company;

      b.     Amsbury was a customer of the Company;

      c.     Chris Hoffmann was a customer of the Company; and

      d.     Feigning false interest in utilizing the services of the Company by clicking on the Company's URL on Google ("Fraudulent Clicks").

50.     Defendant Hoffmann Brothers directed its employees and associates to make a false statement that they were interested in utilizing the services of Company by clicking on the Company's URL on Google.

51.     Defendant Hoffmann Brothers knew the statements were false.

52.     Defendant Hoffmann Brothers knew the Fraudulent Clicks and/or inflating the Google Adword campaign would cause the Company to incur additional click fees with Google.

53.     Defendant Hoffmann Brothers intended for the false statements to be relied upon by customers and consumers to not engage the Company for services.

Electronically Filed - St Louis County - February 04, 2019 - 01:38 PM

54.     Defendant Hoffmann Brothers intended for the Fraudulent Clicks and/or inflating the Googe Adword campaign to be relied upon by the Company in continuing to advertise with Google.

55.     The Company did rely on the Fraudulent Clicks being actual leads and continued to advertise with Google.

56.     The Company had the right to rely on the representations made by Hoffmann Brothers.

57.     As a result of the reliance on the representations, the Company was damaged.

58.     The false statements were outrageous because of Defendant Hoffmann Brothers' evil motive or reckless indifference to the rights of Tom and the Company, entitling Plaintiffs to punitive damages.

WHEREFORE, Plaintiffs respectfully requests this Court to enter judgment in their favor and against Defendant Hoffmann Brothers (i) in an amount in excess of $25,000, plus costs and expenses, including attorneys' fees and expenses, (ii) for punitive damages and (iii) for such further relief as this Court deems just and proper.

## COUNT IV

### Tortious Interference (Google Contract) – Hoffmann Brothers

59.     Plaintiffs re-allege and incorporate by reference, as if fully set forth herein, paragraphs 1 through 58 of this Petition.

60.     Defendant Hoffmann Brothers knew the Company had a contractual or business relationship with Google to advertise its services on Google.

11

Electronically Filed - St Louis County - February 04, 2019 - 01:38 PM

61.     Defendant Hoffmann Brothers intentionally and maliciously interfered with the Company's relationship with Google by issuing the Fraudulent Clicks and False Reviews.

62.     Defendant Hoffmann Brothers intentionally and maliciously interfered with the Company's relationship with Google by causing friends and associates to issue the Fraudulent Clicks and False Reviews.

63.     The Fraudulent Clicks and False Reviews were issued without justification.

64.     The Company was damaged as a result of Defendant Hoffmann Brothers' interference with the Company's relationship.

65.     As a result of the reliance on the representations, the Company was damaged.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in its favor and against Defendant Hoffmann Brothers (i) in an amount in excess of $25,000, plus costs and expenses, including attorneys' fees and expenses, (ii) for punitive damages and (iii) for such further relief as this Court deems just and proper.

## COUNT V

### Tortious Interference (Customers) – Hoffmann Brothers

66.     Plaintiffs re-allege and incorporate by reference, as if fully set forth herein, paragraphs 1 through 65 of this Petition.

67.     Defendant Hoffmann Brothers knew the Company had a business relationship and/or valid expectancy of a business relationship with customers to provide services.

68.     Defendant Hoffmann Brothers knew customers and potential customers would read the False Reviews.

Electronically Filed - St Louis County - February 04, 2019 - 01:38 PM

69.     Defendant Hoffmann Brothers intentionally and maliciously interfered with the Company's relationship with existing customers and potential customers by issuing the False Reviews.

70.     Defendant Hoffmann Brothers intentionally and maliciously interfered with the Company's relationship with customers and potential customers by causing friends and associates to issue the False Reviews.

71.     The False Reviews were issued without justification.

72.     The Company was damaged as a result of Defendant Hoffmann Brothers' interference with the Company's relationship with existing customers and its expectancy of relationships with potential customers.

73.     As a result of the reliance on the representations, the Company was damaged.

74.     The false statements were outrageous because of Defendant Hoffmann Brothers' evil motive or reckless indifference to the rights of Tom and the Company, entitling Plaintiffs to punitive damages.

WHEREFORE, Plaintiffs respectfully request this Court to enter judgment in their favor and against Defendant Hoffmann Brothers (i) in an amount in excess of $25,000, plus costs and expenses, including attorneys' fees and expenses, (ii) for punitive damages and (iii) for such further relief as this Court deems just and proper.

## COUNT VI

## Declaratory Judgment

75.     Plaintiffs re-allege and incorporate by reference, as if fully set forth herein, paragraphs 1 through 74 of this Petition.

13

Electronically Filed - St. Louis County - February 04, 2019 - 01:38 PM

76.     The Company has been utilizing "Hoffmann", the surname of Tom, in the name of its business for over a year and a half.

77.     The Trade Name Protection Clause restricting Tom's use of the name "Hoffmann" expired on July 14, 2015.

78.     The use by Tom and the Company of "Hoffmann" in the company name has been challenged by Defendant Hoffmann Brothers pursuant to the "cease and desist" letter dated January 25, 2019.

79.     Tom and the Company believe they have the right to use Tom's surname of "Hoffmann" in the name of the Company and in the use of its business.

80.     A controversy exists between the parties regarding the right of Tom and the Company to use "Hoffmann" in the name of the company, in advertising materials, websites, Google ads, search parameters, proposals and other aspects of the business.

81.     By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights and obligations that exist among the parties related to the name Hoffman and the use thereof.

WHEREFORE, Plaintiffs respectfully requests that the Court enter judgment (i) declaring that Plaintiff were and are authorized to use "Hoffmann" in the name of the company, in advertising materials, websites, google ads, search parameters, proposals and other aspects of the business; (ii) declaring that Plaintiffs have not infringed on a protectable interest of Defendant in using the name "Hoffmann"; (iii) Awarding Plaintiff the costs and reasonable attorneys' fees incurred herein pursuant to the terms of the Agreement; (iv) Awarding such other and further relief as the Court deems just and proper under the circumstances.

14

Electronically Filed - St Louis County - February 04, 2019 - 01:38 PM

**COUNT VII**

**Injunctive Relief**

82.      Plaintiffs re-allege and incorporate by reference, as if fully set forth herein,

paragraphs 1 through 81 of this Petition

83.     Defendant Hoffmann Brothers' continued and ongoing disparagement of Tom

and the Company, False Reviews and Fraudulent Clicks will cause Tom and the Company to

suffer irreparable harm such that legal remedies are inadequate.

84.     If  Defendant  Hoffmann  Brothers  is  permitted  to  continue  breaching  the

Agreement, Tom and the Company will be irreparably harmed by:

      a.      Unjustified loss of customers;

      b.      Present and future economic loss; and

      c.      Loss of the rights granted under the Agreement.

WHEREFORE, Plaintiffs request an order and judgment enjoining Defendant from: (i)

disparaging Tom and the Company; (ii) engaging in false reviews or ratings; (iii) representing it is

a customer of Tom or the Company; (iv) submitting fraudulent click or soliciting other to submit

fraudulent clicks; and (v) defaming or otherwise publishing false statements about Tom or the

Company, and for such other relief the Court deems proper.

15

Electronically Filed - St Louis County - February 04, 2019 - 01:38 PM

JACOBSON PRESS P.C.

By:  _/s/ Bruce R. Bartlett_____
Bruce R. Bartlett, #42680
Allen P. Press, #39293
Matthew B. Vianello, #63303
168 N. Meramec Avenue, Suite 150
Clayton, Missouri 63105
Phone: 314-899-9789
Fax: 314-899-0282
Bartlett@ArchCityLawyers.com
Press@ArchCityLawyers.com
Vianello@ArchCityLawyers.com

*Attorneys for Plaintiffs*

16



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>DAVID L VINCENT III | Case Number:  19SL-CC00416 |

**SHERIFF FEE PAID**

| | |
|---|---|
| Plaintiff/Petitioner:<br>THOMAS E HOFFMANN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>BRUCE RODERICK BARTLETT<br>SUITE 110<br>222 S. CENTRAL<br>ST. LOUIS, MO  63105 |
| Defendant/Respondent:<br> HOFFMANN BROTHERS HEATING AND AIR<br>CONDITIONING, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Breach of Contract | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:**  HOFFMANN BROTHERS HEATING AND AIR CONDITIONING, INC.
**Alias:**

R/A: ROBERT J. HOFFMANN
1025 HANLEY INDUSTRIAL
ST. LOUIS, MO  63144

*COURT SEAL OF*

*ST. LOUIS COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
   SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

04-FEB-2019
Date

_____
Clerk

Further Information:
CS

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____(title).
☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____        _____
Date        Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____  (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit


**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**


<u>**Purpose of Notice**</u>

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.  However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

<u>**Your Rights and Obligations in Court Are Not Affected By This Notice**</u>

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

<u>**Alternative Dispute Resolution Procedures**</u>

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1)** <u>**Advisory Arbitration:**</u> A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2)** <u>**Mediation:**</u> A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

Your Missouri Courts Case.net

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print GrantedPublicAccess Logoff JONATHANSHULAN

## 19SL-CC00416 - THOMAS E HOFFMANN ET AL V HOFFMANN BROTHERS HEATIN (E-CASE)

Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution

This information is provided as a service and is not considered an official court record.

Click here to eFile on Case

Click here to Respond to Selected Documents

Sort Date Entries: ◉ Descending ○ Ascending

Display Options: All Entries

**02/04/2019**

☐ **Summons Issued-Circuit**

Document ID: 19-SMCC-1059, for HOFFMANN BROTHERS HEATING AND AIR CONDITIONING, INC..Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐ **Amended Motion/Petition Filed**

Amended Petition.

**On Behalf Of:** THOMAS E HOFFMANN, HOFFMANN AIR CONDITIONING & HEATING, LLC

**01/31/2019**

☐ **Filing Info Sheet eFiling**

**Filed By:** BRUCE RODERICK BARTLETT

☐ **Pet Filed in Circuit Ct**

Petition.

**On Behalf Of:** THOMAS E HOFFMANN, HOFFMANN AIR CONDITIONING & HEATING, LLC

☐ **Judge Assigned**

DIV 9

Case.net Version 5.14.0.6 Return to Top of Page Released 12/31/2018

